UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

CAMILLE TUASON MATA,                    )
    Plaintiff,                          )
                                        )
v.                                      )        Civil Action No. 3:26-cv-30008-MGM
                                        )
UNIVERSITY OF MASSACHUSETTS-            )
AMHERST, JEREMY FORGUE,                 )
ALLISON LEPPER, LAURA SHEA,            )
    Defendants.                         )
_____)

## MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

The defendants, the University of Massachusetts Amherst ("UMass Amherst" or "University"), Jeremy Forgue, Allison Lepper, and Laura Shea,[1] submit this memorandum in support of their motion to dismiss all claims filed against them by plaintiff Camille Tuason Mata, pro se.  See Complaint ("Comp."), ECF Dkt. 1.  Ms. Mata's complaint fails to state a federal discrimination claim upon which relief can be granted.  Ms. Mata has been a UMass Amherst employee since 2017 and claims that UMass Amherst discriminated against her by rejecting several applications that she submitted in 2022-2023 for higher-paying positions.  When the U.S. Equal Opportunity Employment Commission ("EEOC") declined to further investigate Ms. Mata's

---

[1] Each of the individual defendants is an employee of UMass Amherst, as indicated in plaintiff's listing of the defendants by work title and UMass Amherst work address.  Comp., pp. 1-2.

underlying administrative charge on May 23, 2024, it dismissed the charge and issued Ms. Mata a right-to-sue letter.  In accord with the text of that letter and federal law, Ms. Mata had 90 days from receipt of the letter to file any purported federal discrimination claims in federal court.  Instead, she filed the instant case more than 18 months later, on January 23, 2026.  ECF Dkt. 1.  It is apparent from the complaint that Ms. Mata believes that her federal claims are timely under 29 C.F.R § 1614.407(d), yet that entire Part of the Code of Federal Regulations (29 C.F.R § 1614 et seq.) only applies to certain federal employees and applicants.  See 29 C.F.R. § 1614.103(b)-(d).

In addition, the complaint fails to state a federal claim against any of the individual defendants on the merits because individual employees cannot be liable under Title VII.  See Fantini v. Salem State Coll., 557 F.3d 22, 28-31 (1st Cir. 2009).

Ms. Mata's only other claims are for alleged violations of M.G.L. c. 151B.  The defendants respectfully submit that this Court should decline supplemental jurisdiction over the state law claims, especially as this litigation is in its early stages.

I.    **Relevant Pleaded Facts and Procedural Background.**

Ms. Mata is a Philippine-born woman and naturalized United States citizen. Comp., p. 3.[2]  She is a UMass Amherst employee and has been continuously employed there since 2017.  Id., p. 10.

---

[2] The complaint does not contain numbered paragraphs, so the defendants cite page numbers.

Ms. Mata alleges that between 2022-2023 she applied for seven other positions at UMass Amherst, but in each instance was neither interviewed nor ultimately hired.[3] Id., pp. 3, 5-9.  She recites her qualifications, skills, and work experiences and claims that they would have allowed her to perform any of the seven positions.  Id., pp. 3-5, 9. While she acknowledges generally that there could have been positions as to which she "might exhibit deficiencies," she maintains that in any such instance she "would be able to enroll in relevant [University] courses" as necessary.  Id., pp. 4-5.  Thus, "[g]iven [her] proven ability to learn new skills and to synthesize knowledge, [Ms. Mata] was confident that [she] could adapt [her] abilities to any relevant position."  Id., p. 5.

Ms. Mata claims that the denial of her job applications "was nested in a pattern of discriminatory behavior that Defendant University has exhibited towards [her] since August 2017."  Id., p. 9.  According to Ms. Mata, this pattern of behavior "has barred [her] from rising into a higher-paying position …."  Id., p. 4.

Ms. Mata filed an underlying administrative charge with the EEOC on February 29, 2024.  Id., p. 3.  The EEOC charge contained allegations of discrimination on the basis of sex/gender, race, and ethnicity.  Id.

UMass Amherst formally responded to the EEOC charge via position statement dated May 17, 2024, and signed by defendant Jeremy Forgue – a Human Resources

---

[3] Ms. Mata apparently concedes, however, that certain statutes of limitations make only three of those application processes potentially actionable.  Comp., p. 3.

3

Executive Director in its Administration and Finance Office.  Id., p. 11; ECF Dkt. 1-2 – Attachment 2 to Comp., pp. 239-244 of 276.  Ms. Mata contends that the University's discriminatory treatment of her also manifested itself in the contents of the position statement, and this appears to be the basis of her claim against Mr. Forgue.  Comp., pp. 11-14.  Ms. Mata includes defendants Allison Lepper and Laura Shea in the caption and list of parties (Id., pp. 1-2) but does not otherwise reference them at all in the complaint.

In a "Determination of Charge" dated May 23, 2024, the EEOC indicated, inter alia, that it would not be further investigating Ms. Mata's charge and dismissed the charge.  Id., p. 14; ECF Dkt. 1-2 – Attachment 2 to Comp., p. 247 of 276.  On June 20, 2024, Ms. Mata appealed from the dismissal, then she filed an appellate brief on July 16, 2024.  Comp., pp. 14-15.  To date, the EEOC has not acknowledged her appeal or issued a decision on the appeal.  Id., p. 15.

Ms. Mata filed the instant case on January 23, 2026.  ECF Dkt. 1.  She claims only federal question jurisdiction.[4]  Comp., p. 2.  As in the EEOC case, Ms. Mata's claims are all for discrimination based on sex/gender, race, and ethnicity under Title VII (42 U.S.C. § 2000e et seq.) and M.G.L. c. 151B.  Id., p. 3.

---

[4] Ms. Mata does not claim diversity jurisdiction and, indeed, there is no basis for such jurisdiction; Ms. Mata resides in Sunderland, Massachusetts, while UMass Amherst is a Massachusetts institution of higher education (M.G.L. c. 75, § 1 et seq.) located in Amherst, Massachusetts (Comp., p. 1).

## II.    <u>Standard of Review</u>.

To survive a Rule 12(b)(6) motion, plaintiff's factual allegations must be enough to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citations omitted); <u>Maloy v. Ballori-Lage</u>, 744 F.3d 250, 252 (1st Cir. 2014). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic</u>, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). The court may "consider 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'" <u>Newton Covenant Church v. Great Am. Ins. Co</u>., 956 F.3d 32, 35 (1st Cir. 2020), quoting <u>In re Colonial Mortgage Bankers Corp</u>., 324 F.3d 12, 20 (1st Cir. 2003) (alteration in original). Similarly, where a motion to dismiss invokes an affirmative defense, if "upon review there is 'no doubt' that the plaintiff's claim is barred by the raised defense, dismissal is appropriate." <u>Zenon v. Guzman</u>, 924 F.3d 611, 616 (1st Cir. 2019), quoting <u>Blackstone Realty LLC v. F.D.I.C.</u>, 244 F.3d 193, 197 (1st Cir. 2001).

## III.    <u>Federal Discrimination Claims are Untimely Because Ms. Mata Filed This Case More Then 90 Days After She Received the Right-to-Sue Letter</u>.

In cases in which the EEOC dismisses an administrative charge, the complainant employee must wait for the EEOC to issue a right-to-sue letter. <u>See</u> <u>Abraham v. Woods</u>

5

Hole Oceanographic Inst., 553 F.3d 114, 119 (1st Cir. 2009), citing Franceschi v. United States VA, 514 F.3d 81, 85 (1st Cir. 2008); 42 U.S.C. § 2000e–5(f)(1).  "After receiving the right-to-sue letter, the employee has ninety (90) days to file a complaint in federal court."  Id.  Courts construe this requirement strictly and treat the requirement as a statute of limitations rather than jurisdictional.  See Rice v. New England Coll., 676 F.2d 9, 10 (1st Cir. 1982).

Here, Ms. Mata acknowledges that she filed her EEOC appeal on June 20, 2024, in response to the EEOC's "Determination of Charge" dated May 23, 2024, by which it dismissed Ms. Mata's charge.  Comp., p. 14; ECF Dkt. 1-2 – Attachment 2 to Comp., p. 247 of 276.  The same EEOC document also included the right-to-sue letter in the section entitled "Notice of Your Right to Sue," which provided, inter alia, "if you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice**."  Id. (emphasis in original).

Ms. Mata filed the instant federal complaint on January 23, 2026 (ECF Dkt. 1) – long after the expiration of the 90-day right-to-sue period.  Ms. Mata is under the impression that she is not subject to the 90-day right-to-sue period and still had the right to sue in federal court in January 2026 because more than 180 days had passed since she filed her EEOC appeal with no action by the EEOC.  Comp., ¶¶ 2-3 ("This civil action is presently being filed … because more than 180 days has passed since [the

6

appeal was] filed on June 20, 2024, and on July 16, 2024, respectively … albeit with no acknowledgement of the Notice of Appeal or response to the Supporting Brief from the E.E.O.C Office of Federal Appeals."). Here and elsewhere where she references the appeal and her court filing rights, Ms. Mata relies upon various provisions of § 29 C.F.R § 1614 et seq. Comp., pp. 2, 14, 15. It particular, she appears to believe that 29 C.F.R § 1614.407(d) exempts her from the 90-day right-to-sue period. However, that entire Part of the Code of Federal Regulations only applies to certain federal employees and applicants. 29 C.F.R. § 1614.103(b)-(d). Ms. Mata is an employee of UMass Amherst (Comp., p. 10) and, as such, needed to file her complaint in this court within 90 days of receiving the right-to-sue letter in 2024. Accordingly, the defendants respectfully request this court dismiss Ms. Mata's Title VII claims with prejudice.

IV. <u>**Federal Claims Against the Individual Defendants Have No Basis on the Merits**</u>.

As a separate ground for dismissal, the defendants note that individual employees cannot be liable under Title VII, <u>see</u> <u>Fantini v. Salem State Coll</u>., 557 F.3d 22, 28-31 (1st Cir. 2009), and thus Ms. Mata fails to state a federal claim against the individual defendants on the merits. In any event, the complaint contains no substantive allegations at all against defendants Allison Lepper and Laura Shea, as their names only appear in the case caption and the list of parties (Comp., pp. 1-2), and the purported claims against defendant Jeremy Forgue are exclusively based on Mr. Forgue having signed the EEOC position statement on behalf of UMass Amherst, not on any

7

pled connection to the underlying allegations of discrimination (Id., pp. 11-14).

**V.      This Court Should Decline Supplemental Jurisdiction Over Ms. Mata's Remaining State-Law Claims Under M.G.L. c. 151B.**

When a court "has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction" over the remaining state law claims.  28 U.S.C. § 1367(c)(3); see also Borrás-Borrero v. Corporación del Fondo del Seguro del Estado, 958 F.3d 26, 36 (1st Cir. 2020) ("[I]t is settled law that district courts may decline to exercise supplemental jurisdiction over pendent state law claims when the anchor federal claims for those state law claims are dismissed.").  In this context, courts may consider "interests of fairness, judicial economy, convenience, and comity." Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.'"  Rivera-Díaz v. Humana Ins. of Puerto Rico, Inc., 748 F.3d 387, 392 (1st Cir. 2014), quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).  This is especially true where, as here, dismissal of the anchoring federal claims is sought at an "early stage in the litigation."  Camelio, 137 F.3d at 672.  Accordingly, the defendants respectfully submit that there is no basis for exercising supplemental jurisdiction over Ms. Mata's c. 151B claims and request that the Court dismiss those claims without prejudice.[5]

---

[5] Should the Court choose to retain jurisdiction over the state-law claims, the defendants reserve the right to seek Rule 12(b)(1) dismissal of those claims on Eleventh Amendment sovereign immunity grounds. The defendants also note that Rule 10(b) requires a complaint to set forth claims in numbered

## VI.    Conclusion.

For all of the foregoing reasons, the University defendants respectfully request

that this Court dismiss Ms. Mata's claims in accord with Rule 12(b)(6).


Dated:  April 6, 2026

THE DEFENDANTS
By their attorney,

 /s/Mark A. Johnson
Mark A. Johnson, BBO No. 651271
Senior Litigation Counsel
University of Massachusetts
Office of the General Counsel
50 Washington Street, Suite 3000
Westborough, MA 01581
(774) 528-0259
majohnson@umassp.edu

---

paragraphs, each limited as far as practicable to a single set of circumstances."  Ms. Mata's complaint contains no numbered paragraphs and thus, independent of the deficiencies outlined above, it would be impossible for the defendants to adequately respond to the complaint should any of the claims survive dismissal.  See Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123-24 (1st Cir. 2004) ("At a bare minimum, even in this age of notice pleading, a defendant must be afforded both adequate notice of any claims asserted against him and a meaningful opportunity to mount a defense.") (internal quotation marks omitted).  In that scenario, the Court should, at a minimum, require Ms. Mata to file an amended complaint that satisfies Rule 10(b).

**CERTIFICATE OF SERVICE**

I hereby certify that, on April 6, 2026, I served a true copy of the above document by email to plaintiff Camille Tuason Mata, as well as through the Electronic Court Filing System (ECF) of the United States District Court for the District of Massachusetts.

*/s/Mark A. Johnson*
Mark A. Johnson